## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:16-cv-02528-GHW | Date | February 8, 2017 |
|---|---|---|---|
| Title | *In re Gorski (Cnty. of Sacramento v. Gorski, et al.)* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):      ORDER DENYING MOTION TO TRANSFER**

Counterclaimant/Cross-claimants Daniel Karalash and Robert Hunter move for a transfer of venue in this bankruptcy appeal to the Northern District of California pursuant to 28 U.S.C. § 1404(a). *See* Docket No. 8. The United States of America, on behalf of the Internal Revenue Service, and plaintiff County of Sacramento have filed statements of non-opposition. *See* Docket Nos. 11, 12.

The Court denies the motion. This action was randomly selected for reassignment to the undersigned judge via an Order of Reassignment issued by Chief U.S. District Court Judge Lawrence O'Neill as part of an effort to alleviate the caseload burdens of the Eastern District of California. *See* Docket No. 6. That Order of Reassignment made reference to a General Designation of District Judge for Service in Another District within the Ninth Circuit issued by the Chief Judge of the Ninth Circuit Court of Appeals, the Hon. Sidney R. Thomas, on November 2, 2016. This Court will not make use of the Section 1404(a) factors to foist upon the Northern District of California what this Court agreed to undertake as part of an administrative shifting of caseload burdens, as reflected in the Order of Reassignment and the General Designation of District Judge for Service in Another District within the Ninth Circuit.

Beyond that, Karalash and Hunter are incorrect in their statement (made without citation to *anything*) that this Court "does not allow telephonic appearance by counsel." Docket No. 8-1, at 2:7-8. As a practical matter, the undersigned routinely allows such appearances with respect to all matters *when requested by counsel*, except where the issue to be heard is sufficiently complex such that in-person appearances and argument are warranted (an assessment that can be made on a case-by-case basis in consultation with the Court in advance of the scheduled hearing date) or concerns a motion proceeding that will require an in-person evidentiary presentation or the Court's assessment of credibility of witnesses.

                                                                                              :

Initials of Preparer      JG

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:16-cv-02528-GHW | Date | February 8, 2017 |
|---|---|---|---|
| Title | *In re Gorski (Cnty. of Sacramento v. Gorski, et al.)* | | |

Furthermore, given that this action is a bankruptcy appeal, Karalash's and Hunter's discussion of the convenience of witnesses and location of evidence are odd entreaties to make indeed. Like most any appeal, the Court anticipates that the decision rendered in this one will require no appearance by any witness and no submission of any evidence (aside from the designation of the record on appeal) whatsoever.[1]

The motion is DENIED and the hearing set for February 13, 2017, at 8:30 a.m. is vacated.

In addition to the above, the Court notifies the parties of the following requirements:
(1) Pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 8010(b)(4), the Court will require that it be supplied with one paper copy of the complete record on appeal (as defined in FRBP 8009(a)(4)) no later than the date of the filing of Appellants' opening brief.
(2) The timetable for the filing of briefs will be governed by FRBP 8018(a).
(3) The parties shall meet and confer and file a joint report by February 21, 2017, indicating the *estimated* date when the docketing of the notice that the record has been prepared and/or is available electronically can be expected.
(4) The Court expects that it will set oral arguments on the appeal within 21 days of the receipt of the last brief. The parties can request that their appearances be telephonic or that the case be submitted on the briefs alone. FRBP 8019. Additionally, the Court notes its discretion to waive oral argument pursuant to FRBP 8019(b).

---

[1] If it was the intention of Karalash and Hunter to have filed this motion in connection with the related action (*i.e.* Case No. 16-2611), not in this bankruptcy appeal, they should take more care to review their filings. Nevertheless, the other considerations the Court has discussed herein would be sufficient to still deny a similar motion if filed in that case.

Initials of Preparer    JG       :